UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LYDELL HILL,

    Plaintiff,

    v.

WILLIAMS and TATIANA GILLIAM,

    Defendants.

CAUSE NO. 3:23-CV-509-JD-SJF

OPINION AND ORDER

Lydell Hill, a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Tatiana Gilliam[1] in her individual capacity for compensatory and punitive damages for starting a rumor about Hill talking to a detective about other offenders that caused him to be assaulted in late 2021, in violation of the Eighth Amendment;" and (2) "against Sergeant Williams in his individual capacity for compensatory and punitive damages for using excessive force against him on March 31, 2023, in violation of the Eighth Amendment[.]" ECF 24 at 8; ECF 35 at 1. On June 18, 2025, the defendants filed a motion for summary judgment, arguing Hill did not exhaust his available administrative remedies before filing this lawsuit. ECF 45. With the motion, the defendants provided Hill the notice required by N.D. Ind. L.R. 56-1(f). ECF 47. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

---

[1] Identified as "Officer Doughby" in Hill's complaint.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over four months ago, but Hill still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before

2

judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Hill did not exhaust his available administrative remedies before filing this lawsuit because he never exhausted any grievance related to his claims against either defendant. ECF 46 at 6-7. Specifically, the defendants provide Hill's grievance records, a copy of the Offender Grievance Process, and a copy of Hill's "Admission and Orientation Checklist" he signed when he arrived at Westville Correctional Facility ("WCF"), which show the following facts:[2] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 45-2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3. When Hill arrived at WCF in September 2020, he signed the portion of the Admission and Orientation Checklist acknowledging he had received a copy of the Offender Handbook, had received orientation on the Offender Grievance Process, and the Offender Grievance Process had been explained to

---

[2] Because Hill has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

him by staff and all of his questions had been answered. ECF 45-3. However, Hill's grievance records show he never submitted any grievances at WCF before filing this lawsuit. ECF 45-1.

Here, the defendants have met their burden to show Hill did not exhaust his available administrative remedies before filing this lawsuit, as it is undisputed Hill was informed of the requirements of the Offender Grievance Process but never submitted any grievances at WCF before filing this lawsuit. Hill did not respond to the summary judgment motion, and does not argue he ever submitted any relevant grievance or his administrative remedies were in any way unavailable. Therefore, because the defendants have met their burden to show Hill did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 45); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Lydell Hill and to close this case.

SO ORDERED on November 20, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4